IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER DOLLENS, individually,
and as Personal Representative of the Estate
of James E. Dollens, and SANDRA EVANS,

    Plaintiffs,

v.                                                      No. 11-CV-00532 JEC/RHS

WELLS FARGO BANK, N.A., successor by
Merger to WELLS FARGO HOME MORTGAGE,
INC., MINNESOTA LIFE INSURANCE COMPANY,
and DINA BACA DOLLENS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' *Motion and Supporting Memorandum to Remand to State Court* (Doc. 8), filed June 21, 2011 ("Motion"). Having reviewed the pleadings, the governing authority and being otherwise fully informed, the Court finds that the Motion is well-taken and will be granted in part such that the case is remanded, and denied in part as to Plaintiffs' request for attorney's fees and costs.

**I.**    **Background**

On May 16, 2011, Plaintiffs filed suit in New Mexico state court, alleging state law causes of action against Defendant Minnesota Life Insurance Company ("MLIC") and Defendant Wells Fargo ("Wells Fargo"), and seeking damages and a declaratory judgment that Defendant Dina Baca Dollens ("D. Dollens"), the widow of James E. Dollens, does not have community property interest in the home that belonged to James E. Dollens. *See* generally *Complaint for Compensatory Damages, Attorney's Fees and Punitive Damages* ("Complaint").

On June 16, 2011, MLIC filed its Notice of Removal (Doc. 1) ("Notice"), pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332.  In its Notice, MLIC states that Wells Fargo has been "consulted and concurs in this removal," but Wells Fargo did not sign the Notice or otherwise submit written consent to removal.  The Notice also states that concurrence from D. Dollens was "not necessary" because she "is an improperly joined defendant, and alternatively, because she is misaligned and is more properly characterized as a plaintiff."  Notice ¶ 3.

On June 21, 2011, Plaintiffs filed the present Motion seeking remand on the basis that the removal was improper because Wells Fargo did not provide written consent to removal.  Mot. at 5.  Plaintiffs further assert that D. Dollens, a New Mexico resident, is a proper defendant and complete diversity of citizenship is, therefore, lacking.  Mot. at 17.

On July 15, 2011, MLIC and Wells Fargo filed a joint response in opposition to Plaintiffs' Motion, stating that unanimity of consent was met because Wells Fargo concurred in the removal, as MLIC represented in its Notice, and that imposing an "additional technical requirement of individual signatures by each defendant" would "elevate form over substance."  Response at 3 (citing *Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243 (D.N.M. 2010)).  MLIC and Wells Fargo contend that the availability of Rule 11 sanctions sufficiently addresses the potential for consent to be misrepresented by a co-defendant.  *Id*. at 5.  MLIC and Wells Fargo alternatively request that, should the Court determine that the Notice is procedurally defective, they be allowed to file their Proposed Amended Notice of Removal, which includes signed consent to removal by both parties.  *Id*. at 8-9.

**II.     Analysis**

    **A.     Removal**

Removal of a case from state to federal court is proper only if the complaint could originally have been filed in federal court. 28 U.S.C. § 1441(a). "As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citations omitted). "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). There is a presumption, therefore, "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares, Inc. v. Barry*, 979 F. Supp. at 1342.

Although not explicitly stated in the removal statute, it is well-established that all defendants must join in the notice of removal within the thirty-day time period set forth 28 U.S.C. § 1446(b).[1] *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999). This is commonly referred to as the "unanimity rule." *McShares, Inc. v. Barry*, 979 F. Supp. at 1342. The failure of all defendants to join in the notice of removal in a timely manner renders the removal procedurally defective and warrants remand. *See Getty Oil Corp., Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-1263 (5th Cir.

---

[1] There are three exceptions to the rule, none of which apply here. They are: (1) where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim constitutes a separate and independent claim under 28 U.S.C. § 1441(c). *See Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990) (citations omitted).

1988); *Farmland Nat'l Beef Packing Co. L.P. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. 2004) (unpublished)[2](petition for removal was procedurally defective where co-defendant did not join in).

The Tenth Circuit has not passed on whether individual written consent from each defendant is necessary to satisfy unanimity. However, the majority of circuits require written, timely consent from each defendant. *See Getty Oil Corp., Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-1262 n. 11 (5th Cir. 1988); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) and *Pritchett v. Contrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008).[3] District courts within the Third, Fourth, Tenth and Eleventh Circuits have also endorsed the requirement that each defendant must independently and unambiguously file notice of its consent. *See Henderson v. Holmes*, 920 F.Supp. 1184, 1187 n. 2 (D. Kan. 1996).[4] In fact, this Court previously determined that the assertion of a co-defendant's consent to removal, alone, is insufficient to perfect removal under the rule of unanimity. *Padilla v. David Selected Advisors, L.P.*, 98-CV-00186, * 2 (D.N.M. 1998) (Conway, J.) (removal procedurally defective where notice stated co-defendant's consent to removal, but co-defendant failed to sign notice or file written document of consent). In so determining, this Court stated "it is simply not enough that

---

[2]Pursuant to 10th Cir. R. 32.1, unpublished opinions are not precedential but may be cited for their persuasive value.

[3]*But see Harper v. Auto Alliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir.2004)* (attorney can attest to non-clients' consent); *Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1224-25 (9th Cir.2009)* (adopting Sixth Circuit rule).

[4] Citing *Ogletree v. Barnes*, 851 F.Supp. 184, 188–190 (E.D. Pa. 1994) (Third Circuit); *Martin Oil Co.* v. *Philadelphia Life Ins. Co.* 827 F. Supp. at 1238–39 (and citations therein) (Fourth Circuit); *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254–55 (Tenth Circuit); and *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109, 110 (S.D. Fla.1987) (Eleventh Circuit).

the removing party represents that the other defendants consent or do not object to removal [because one] defendant's attempt to speak on behalf of another defendant will not suffice.'" *Id.* (quoting *Henderson v. Holmes*, 920 F. Supp. at 1184 (D. Kan. 1996)).[5]

Accordingly, in order to effect removal to this Court, each properly served defendant must express written consent to the removal, either by signing the notice of removal, or filing its own notice of removal or statement of consent, in a timely manner. Requiring timely written consent from each defendant is not burdensome, is consistent with the presumption against removal, and binds each consenting defendant to the removal action.[6] *See Getty Oil Corp., Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-1262 n. 11 (5th Cir. 1988)*; Henderson v. Holmes*, 920 F. Supp. at 1187 (written consent from each defendant is "not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by plaintiffs") (internal quotations and citations omitted); *Padilla v. David Selected Advisors, L.P.*, 98-CV-00186 at * 2, n.1 (although Rule 11 may hold the signer of the pleadings accountable for misrepresentations, it does not bind the allegedly consenting co-defendant to the removal action)

---

[5] *See also State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1277 (D.N.M. 2010) (Black, B.) ("[c]ounsel representing a served, properly joined defendant who consents to a co-defendant's removal ... must sign the notice of removal on behalf of your client, file your own notice of removal, or file a notice of consent to removal within the thirty-day period"); *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1259 (D.N.M. 2008) (Johnson, J.) (each defendant must independently and unambiguously file notice of its consent to join in removal within the thirty-day period"). *But see Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010) (Browning, J) (notice of removal containing averment by defendant of co-defendant's consent is sufficient to effect removal).

[6]Like the Honorable Bruce Black, Chief District Judge, this Court finds that leniency with respect to removal requirements has not been beneficial. *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d at 1276. Such leniency, "while understandable," has resulted in inconsistent approaches to the form of consent required and 'injects uncertainty into an otherwise clear rule [by allowing the determination of] whether a case remains in federal court [to] hinge on something as random as the judge to whom the case has been assigned." *Id.*

(citations omitted).

For these reasons, the Court finds MLIC's Notice procedurally defective and insufficient to perfect removal.

### B. Amendment of Notice of Removal

Under 28 U.S.C. § 1446(b), parties may amend removal petitions within the thirty-day time period for removal. After the thirty day time period has lapsed, removal petitions may be amended, under 28 U.S.C. § 1653, to correct defective allegations of jurisdiction. 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate court." "The right of a defendant to amend the notice of removal under § 1653 is a limited one because amendments are permitted solely to cure defective allegations of jurisdiction and cannot be used to amend a [procedural] defect in removal proceedings." *Marshall v. Skydive America South*, 903 F. Supp. 1067, 1070 (E.D. Tex. 1995) (internal quotations and citations omitted).

"The lack of unanimous consent to a notice of removal is a procedural defect, not a jurisdictional one." *Farmland Nat'l Beef Packing Co.*, 98 Fed. Appx. 752, 756 (10th Cir. 1997) (quotations and citations omitted). "By its terms, section 1653 may not be used to amend a substantial defect in removal proceedings, such as the failure to obtain the consent of a co-defendant." *Maddox v. Delta Airlines,* 2010 WL 3909228, at *7 (N.D. Okla. September 29, 2010) (internal quotations and citations omitted); *see also Beard v. Lehman Brothers Holding, Inc.*, 458 F. Supp. 2d 1314, 1321-1322 (motion to amend notice of removal after thirty-day deadline denied because failure to gain consent of all parties was a substantial procedural defect that could not be remedied under § 1653); *Padilla v. David Selected Advisors, L.P.*, 98-CV-00186 at * 4 (denying request to amend notice on basis that failure to unambiguously consent to

removal within thirty-day deadline is a procedural defect that is strictly enforced).

Accordingly, the procedural defect in the Notice cannot be amended because the thirty-day period prescribed by § 1446(b) has lapsed.

### C. Costs and Fees

28 U.S.C. § 1447(c) allows for a district court to award payment of costs and actual expenses, including attorney's fees, where a defendant has improperly removed a case to federal court. The standard for awarding fees should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

Although the Court has determined that remand is proper, it cannot determine that MLIC had no objectively reasonable basis for seeking removal, given the unsettled nature of the form of consent required to perfect removal in the Tenth Circuit. All things considered, that the parties will shoulder their own expenses in this instance reflects a legitimate exercise of the Court's discretion, is faithful to the purposes of fee awards under § 1447(c), and is properly "supported by circumstance[s] relevan[t] to the issue at hand." *Cement Div., National Gypsum Co.*, 515 U.S. 189, 196, n. 8 (1995). *See also Fogerty v. Fantasy*, 510 U.S. 517, 534, n. 19 (1994). Therefore, Plaintiffs' request for attorneys' fees and costs will be denied.

### III. Conclusion

Because Wells Fargo did not independently provide timely written consent to removal within the thirty-day time period set forth in 1446(b), remand is proper. Because § 1653 is unavailable to cure the procedural defect in the Notice, Defendant will not be allowed to amend.

Having concluded that the removal was invalid, the Court need not address the issue of complete diversity involving whether or not Dina Dollens was fraudulently joined or misaligned.  Finally, because the Court has not determined that there was no objectively reasonable basis for removal, the parties shall bear their own costs related to the improper removal.

WHEREFORE,

**IT IS ORDERED** that Plaintiffs' *Motion and Supporting Memorandum to Remand to State Court* (Doc. 8), filed June 21, 2011 is **GRANTED IN PART** such that the case is hereby **REMANDED** to the Second Judicial Court of the County of Bernalillo, New Mexico, and **DENIED IN PART** as to Plaintiffs' request for attorney's fees and costs.

Dated December 15, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
    Kathy Duhigg
    Duhigg, Cronin, Spring & Berlin, PC
    Albuquerque, NM

Attorney for Defendant Dina Baca Dollins:
    Charles P. Reynolds
    Albuquerque, NM

Attorney for Defendant Minnesota Life Insurance Company:
    Ann Martha Andrews
    Daniel M. Hill
    Lewis & Roca LLP
    Phoenix, AZ and Albuquerque, NM
    Albuquerque, NM

Attorney for Wells Fargo Bank N.A.:
    Alicia L. Gutierrez
    Moses, Dunn, Farmer & Tuthill
    Albuquerque, NM